UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
Case No. 25-61601-CIV-SMITH/HUNT

RALPH J. MASSETTI, JR.,

                Plaintiff,

vs.

GREENSPRING CAPITAL
MANAGEMENT, LLC, et al.,

                Defendants.
_____/

## REPORT AND RECOMMENDATION

THIS CAUSE is before this Court on Defendant Greenspring Capital Management, LLC's Motion for Sanctions ("Motion").  ECF No. 18.  The Honorable Rodney Smith, United States District Judge, referred this Motion to the undersigned for an appropriate ruling.  ECF No. 19; *see also* 28 U.S.C. § 636(b); S.D. Fla. L.R., Mag. R. 1.  Having carefully reviewed the Motion, the Response, ECF No. 22, the entire record, and applicable law, and being otherwise fully advised in the premises, the undersigned respectfully RECOMMENDS the Motion be DENIED for the reasons set forth below.

## BACKGROUND

This is a quiet title action concerning real property in Broward County.  *See* ECF No. 1-1.  Plaintiff Ralph John Massetti, Jr., proceeding *pro se*, initially filed suit in state court against various entities and individuals that claimed a right to the property.[1]  *See id.*

---

[1]   Defendants include Greenspring Capital Management, LLC, not in its individual capacity but solely as Administrator of RMH 2023-5 Trust; RMH 2023-5 Trust; RMH 2023-1 LLC; Secretary of Housing and Urban Development; Jannie Armi Monteclaro Mandell, individually and as personal representative of the Estate of June F. Mandell, deceased;

In early August, a federal agency removed this action to this Court.   ECF No. 1.
Defendant Greenspring Capital Management, LLC ("Greenspring") moved to dismiss the
action on multiple grounds.  ECF No. 4.  On August 25, 2025, Greenspring filed the instant
Motion for Sanctions against Plaintiff.  ECF No. 18.  In the Motion, Greenspring requests
that Plaintiff be ordered to pay its reasonable attorney's fees for bringing unsupported
claims in the Second Amended Complaint.  *Id.*  Two days after the Motion was filed,
Plaintiff voluntary dismissed.  ECF No. 20.  Shortly after this case was closed, Plaintiff
also filed a response to the Motion for Sanctions.  ECF No. 22.

## DISCUSSION

Greenspring moves for sanctions under Fla. Stat. § 57.105 (2019), which states,
in relevant part,

> Upon . . . motion of any party, the court shall award a reasonable attorney's
> fee, including prejudgment interest, to be paid to the prevailing party in
> equal amounts by the losing party and the losing party's attorney on any
> claim or defense at any time during a civil proceeding or action in which the
> court finds that the losing party or the losing party's attorney knew or should
> have known that a claim or defense when initially presented to the court or
> at any time before trial: (a) Was not supported by the material facts
> necessary to establish the claim or defense; or (b) Would not be supported
> by the application of then-existing law to those material facts.

Fla. Stat. § 57.105(1).  The purpose of this statute is "to deter meritless filings."  *FS Invs.
of Am., Inc. v. McCombs W. Ford, LLC*, No. 8:23-CV-00709-WFJ-SPF, 2025 WL
1568216, at *2 (M.D. Fla. June 3, 2025) (quoting *Cadavid v. Saporta*, 344 So. 3d 478,

---

the Estate of June F. Mandell, deceased; Unknown Heirs, Devisees, Grantees,
Assignees, Lienors, Creditors, Trustees, and All Other Parties claiming by, through, under
or against June F. Mandell, deceased; All Unknown Parties claiming any right, title, or
interest in the subject property located at 940 Doveplum Court, Hollywood, Florida 33109,
including any spouses, heirs, devisees; and any party in possession of the property.  ECF
No. 1-1.

482 (Fla. 4th DCA 2022)).  "Attorney's fees awarded under § 57.105 are analogous to sanctions imposed under Rule 11."  *Acosta v. Miami-Dade Cnty.*, No. 16-23241-CIV-CANNON/OTAZO-REYES, 2021 WL 6010460, at *4 (S.D. Fla. Oct. 21, 2021), *report and recommendation adopted*, 2021 WL 5474143 (S.D. Fla. Nov. 23, 2021).  "Attorney's fees are awarded under section 57.105 . . . where there is a total or absolute lack of justiciable issues of either law or fact, this being tantamount to a finding that the action is frivolous or completely untenable.*"  Acosta*, 2021 WL 6010460, at *4 (quoting *Vasquez v. Provincial S., Inc.*, 795 So. 2d 216, 218 (Fla. 4th DCA 2001)).

The Court notes here that Plaintiff is a *pro se* litigant, so his pleadings are "held to a less stringent standard" and will be "liberally construed."  *Hughes v. Lott*, 350 F.3d 1157, 1160 (11th Cir. 2003) (citation omitted).  Generally speaking, federal courts "are reluctant to impose sanctions on *pro se* litigants."  *United States v. Morse*, 532 F.3d 1130, 1133 (11th Cir. 2008); *see, e.g., Yeh Ho v. Sabocik*, 775 F. App'x 551, 555 (11th Cir. 2019) ("[G]iven [plaintiff's] *pro se* status, sanctions are not warranted even if we agreed with the defendants that the appeal is frivolous.").

The Complaint essentially alleged that Plaintiff was the fee simple owner of real property and none of the named Defendants had a legitimate claim to or lien on the property.  *See* ECF No. 1-1.  Plaintiff's claims were supported by specific factual allegations, including chronological details of a search for property title.  *See id.* at 7–8.  Even if Plaintiff's allegations and legal theories ultimately did not hold water, they were not "completely untenable."  *Acosta*, 2021 WL 6010460, at *4 (citation omitted).  Plaintiff's arguments "are not as patently frivolous in the face of established law and 'utterly devoid of merit' as in the cases in which this court has sanctioned *pro se* parties."  *McCavey v.*

3

*Gold*, 625 F. App'x 968, 972 (11th Cir. 2015) (quoting *Bonfiglio v. Nugent,* 986 F.2d 1391, 1393 (11th Cir.1993)).

Moreover, this is not a case where the *pro se* plaintiff has a history of frivolous litigation or was warned by the Court that his claims were unviable.  *Cf. Bonfiglio*, 986 F.2d at 1394 (imposing sanctions against *pro se* appellant after he "refused to heed the district court's clear warning, and instead stubbornly filed this appeal in which he repeats to this Court the utterly frivolous contentions he made in the district court").  Nor does it appear that Plaintiff "acted in bad faith, vexatiously, wantonly or for oppressive reasons." *Martins v. Royal Caribbean Cruises, Ltd.*, 431 F. Supp. 3d 1355, 1364 (S.D. Fla. 2019) (quoting *Chambers v. NASCO, Inc.*, 501 U.S. 32, 45–46 (1991)).

In support of its Motion, Greenspring argues that Plaintiff should be sanctioned for citing to nonexistent legal authorities in his Second Amended Complaint.[2]  If Plaintiff were an attorney, that conduct may very well justify sanctions.  *See, e.g., DOC App, Inc. v. Leafwell, Inc.*, No. 2:25-CV-838-SPC-NPM, 2025 WL 3753997, at *2 (M.D. Fla. Dec. 29, 2025) (upholding sanctions and referral to Florida Bar based on attorney's "repeated, numerous misrepresentations to the Court and refusal to take responsibility for them," including "misrepresentations of case law").  And "*pro se* litigants are not immune from such sanctions," especially where litigants continually "neglect [their] duty of candor to this Court."  *O'Brien v. Flick*, No. 24-61529-CIV-DAMIAN, 2025 WL 242924, at *6–7 (S.D. Fla. Jan. 10, 2025), *aff'd*, No. 25-10143, 2025 WL 2731627 (11th Cir. Sept. 25, 2025).

Yet, giving Plaintiff the benefit of the doubt, it appears that Plaintiff tried to correct

---

[2]  Greenspring's assertion appears to be true.  The undersigned is unable to find some of the legal authorities cited, leading to an inference that those authorities do not exist or, at best, are identified by incorrect citations.

the mistakes pointed out by Greenspring.  First, Plaintiff did not include any fabricated citations in his Response to the Motion.  Plaintiff appears to cite to legitimate, relevant cases.  *See generally* ECF No. 22.  Second, Plaintiff dismissed the action just two days after the motion for sanctions was filed.  ECF No. 20.  By voluntarily dismissing his own claims, Plaintiff brought a simple, speedy resolution to this action.  *Cf. Fuccillo v. Century Enters. Inc.*, No. 8:18-CV-1236-T-36AEP, 2020 WL 1431714, at *3 (M.D. Fla. Jan. 15, 2020) (recommending award of fees where plaintiffs proceeded to "drag on" with litigation even after it became apparent that claims were frivolous)*, report and recommendation adopted sub nom. Fuccillo v. Silver*, 2020 WL 897989 (M.D. Fla. Feb. 25, 2020). Sanctions are not warranted against Plaintiff, a *pro se* litigant who dismissed his claims after less than three months of litigation.

In sum, the Court sees no reason at this juncture to administer the strong medicine of sanctions under Fla. Stat. § 57.105 or Rule 11.[3]  The Motion should be denied.

## **RECOMMENDATION**

Based on the foregoing, the undersigned RECOMMENDS that the Motion for Sanctions, ECF No. 18, be DENIED.

Within fourteen (14) days after being served with a copy of this Report and Recommendation, any party may serve and file written objections to any of the above findings and recommendations as provided by the Local Rules for this district. 28 U.S.C. § 636(b)(1); S.D. Fla. Mag. R. 4(b). The parties are hereby notified that a failure to timely

---

[3]  Plaintiff argues that Greenspring did not comply with the "safe harbor" requirement of Fed. R. Civ. P. 11(c)(2).  ECF No. 22.  Because it is undisputed that Plaintiff knew about the pending sanctions motion since Greenspring served Plaintiff on July 29, 2025, this argument is meritless.

object waives the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions contained in this Report and Recommendation. 11th Cir. R. 3–1 (2018); *see Thomas v. Arn*, 474 U.S. 140 (1985).

      DONE AND SUBMITTED at Fort Lauderdale, Florida this 26th day of January 2026.

                                     _____

                                     PATRICK M. HUNT
                                     UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
The Honorable Rodney Smith

All Counsel of Record

Ralph John Massetti, Jr.
8390 Via de Ventura, Suite 110
Scottsdale, AZ 85258
PRO SE